# IN THE UNITED STATES DISTRICT COURT FOR THE
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **JAMES BOSWELL,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | |
| | § | |
| **GOVERNOR OF TEXAS GREG** | § | |
| **ABBOTT; CITY OF FORT WORTH;** | § | |
| **U.S. FEDERAL BUREAU OF** | § | |
| **INVESTIGATIONS; OFFICE OF THE** | § | |
| **ATTORNEY GENERAL FOR TEXAS;** | § | |
| **TEXAS SECRETARY OF STATE;** | § | |
| **CHARLIE BAKER, PRESIDENT OF** | § | **Case No. 1:24-CV-00583-DII** |
| **THE NATIONAL COLLEGIATE** | § | |
| **ATHLETIC ASSOCIATION; TEXAS** | § | |
| **STATE BOARD OF EDUCATION;** | § | |
| **TEXAS EDUCATION AGENCY;** | § | |
| **SCOTT MURI, SUPERINTENDENT** | § | |
| **ECTOR COUNTY ISD; U.S.** | § | |
| **DEPARTMENT OF VETERAN** | § | |
| **AFFAIRS; CONTRACTOR QUALITY** | § | |
| **TIMELY COMMITMENT (QTC);** | § | |
| **DONALD TRUMP, PRESIDENT OF** | § | |
| **THE UNITED STATES,** | § | |
| *Defendants* | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO:  THE HONORABLE UNITED STATES DISTRICT COURT**

Before the Court are:

- State Defendants' Motion to Dismiss, filed August 12, 2024 (Dkt. 7);

- Defendant City of Fort Worth's Motion to Dismiss, filed August 13, 2024 (Dkt. 8);

- Defendant Charlie Baker's Motion to Dismiss, filed September 11, 2024 (Dkt. 22);

- Defendant Scott Muri's Motion to Dismiss, filed September 13, 2024 (Dkt. 24);

- State Defendants' Opposed Motion to Strike Plaintiff's Sur-Replies and Impermissible Briefing, filed November 7, 2024 (Dkt. 43);

and the associated response and reply briefs. By Text Orders issued October 17, 2024, the District

Court referred the motions to this Magistrate Judge for a report and recommendation, pursuant to

28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

## I.    Background

James Boswell, a resident of Newark, Tarrant County, Texas, is a vexatious litigant who has been sanctioned repeatedly by the Fifth Circuit and Northern District of Texas for filing duplicative and frivolous lawsuits and appeals. In 1986, Boswell was fired from his position as a United States Army Reserve Officer Training Corps ("ROTC") instructor at Texas Christian University ("TCU"). *Boswell v. TCU*, No. 4:14-CV-00330-O, 2014 WL 4650023, at *1 (N.D. Tex. Sept. 16, 2014). In 2012, he was fired from his position as a Junior Reserve Officer Training Corps instructor at Odessa High School in the Ector County Independent School District ("ECISD"). *Boswell v. ECISD Trustees*, No. 7:12-cv-00108-RAJ (W.D. Tex., July, 22, 2014), Dkt. 70 at 4. Boswell alleges that he was wrongfully terminated from both positions because he spoke out against alleged illegal activities and discrimination at TCU, Odessa High School, and the ROTC programs. Boswell also alleges that TCU wrongfully banned him from visiting its campus.

Since 1998, Boswell has filed at least eight meritless and duplicative lawsuits against TCU and its officials, ECISD and its officials, and other entities and officials based on his tenure as an ROTC instructor, his terminations, alleged wrongdoing, and his whistleblowing. *Boswell v. Cohen,* No. 4:98-cv-00168-Y (N.D. Tex. Feb. 23, 1998) (complaint against TCU, TCU officials, the Secretary of Defense, and the Secretary of Army alleging employment discrimination and constitutional claims dismissed under Rule 56(c) with prejudice), *appeal dismissed as frivolous*, No. 00-10698 (5th Cir. Sept. 25, 2001); *Boswell v. Bush*, No. 4:00-cv-01440-EBM (N.D. Tex. Aug. 4, 2000) (complaint against Governor of Texas, TCU Board of Trustees, and the Adjutant General of Texas alleging employment discrimination, constitutional claims, and Texas whistleblower violations dismissed with prejudice for failure to state a claim for relief), *appeal*

*dismissed*, No. 00-11144 (5th Cir. Jan. 1, 2001); *Boswell v. Bush*, No. 4:00-cv-01526-Y (N.D. Tex. Sept. 5, 2000) (dismissing duplicative suit against Governor of Texas, TCU Board of Trustees, and the Adjutant General of Texas with prejudice based on *res judicata* and warning Boswell that he will be sanctioned if he continues to file duplicative suits), *aff'd*, No. 00-11360 (5th Cir. Sept. 25, 2001); *Boswell v. ECISD Trustees*, No. 7:12-cv-00108-RAJ (W.D. Tex., Oct. 29, 2012) (dismissing with prejudice claims of employment discrimination and retaliation, disability discrimination, false claims, First Amendment retaliation, Fourth and Fourteenth Amendment violations, and whistleblower violations asserted against ECISD, ECISD Trustees, and ECISD Superintendent due to lack of standing, failure to state a claim for relief, and failure to show a genuine issue of material fact), *aff'd*, No. 14-50825 (5th Cir. Feb. 5, 2015), *cert. denied*, No. 15-5870 (2015); *Boswell v. Boschini*, No. 4:13-cv-00208-Y (N.D. Tex. Mar. 13, 2013) (dismissing with prejudice fourth suit against TCU and TCU officials based on *res judicata* and collateral estoppel), *aff'd*, No. 14-10170 (5th Cir. Dec. 19, 2014), *cert. denied*, No. 14-10170 (2015); *Boswell v. TCU*, No. 4:14-cv-0330-O (N.D. Tex. May 9, 2014) (dismissing with prejudice fifth suit against TCU, TCU officials, Secretary of the Army, and U.S. District Judge Terry Means based on *res judicata* and judicial immunity and assessing fees and costs against Boswell), *appeal dismissed*, 608 F. App'x 291 (5th Cir. July 2, 2015), *cert. denied*, 577 U.S. 1123 (2015); *Boswell v. ECISD*, No. 11-15-00013 (70th Dist. Ct., Ector County, Tex. Jan. 16, 2015, pet. denied) (dismissing with prejudice wrongful termination suit against ECISD and ECISD officials).[1] All these suits were dismissed for failure to state a claim for relief under Rule 12(b)(6), failure to show a dispute of a

---

[1] Boswell also filed a Texas whistleblower suit against the TEA, which is pending in Travis County District Court. *Boswell v. Mike Morath, TEA Commissioner*, D-1-GN-18-006374 (345th Dist. Ct., Travis County, Tex. Oct. 19, 2018).

material fact issue under Rule 56(c), lack of subject matter jurisdiction based on lack of standing and immunity grounds, and *res judicata*. *Id.*

Because of his repeated malicious and duplicative filings, the Northern District of Texas declared Boswell a "vexatious" litigant and sanctioned him for his repeated malicious and duplicative filings. *Boswell v. TCU*, No. 4:14-CV-00330-O, 2014 WL 4650023, at *9 (N.D. Tex. Sept. 16, 2014) (enjoining Boswell from filing "any suit" in the Northern District of Texas without leave and assessing $9,553 in defendants' fees and costs against him). The Fifth Circuit has sanctioned Boswell three times. *Boswell v. TCU*, No. 4:14-CV-00330-O, 2014 WL 4650023, at *1 (N.D. Tex. Sept. 16, 2014) (summarizing monetary sanctions against Boswell).

Having been barred from filing in the Northern District of Texas, Boswell now brings this duplicative suit in the Austin Division of the Western District of Texas against Defendants Texas Governor Greg Abbott; the City of Fort Worth; the Federal Bureau of Investigations; the Office of the Attorney General of Texas; the Texas Secretary of State; Charlie Baker, President of the National Collegiate Athletic Association ("NCAA"); the Texas State Board of Education; the Texas Education Agency ("TEA"); Scott Muri, ECISD Superintendent; the Department of Veteran Affairs; Contractor Quality Timing Commitment; and President Donald Trump. Dkt. 1 at 35.

While Boswell names a few new defendants and asserts one new Title VII claim against the City of Fort Worth for failing to prohibit "the misconduct of TCU," his claims all arise out of his tenure as a ROTC instructor, subsequent terminations, the alleged wrongful conduct he witnessed, and whistleblower complaints. Boswell's pleadings continue to be "a morass of garbled text filled with unconnected facts and legalese, ambiguously referring to multiple, unrelated causes of action,"[2] but he once again asserts claims for employment discrimination, First Amendment

---

[2] *Boswell v. Bush,* 138 F. Supp. 2d 782, 784 (N.D. Tex. 2000).

retaliation, disability discrimination, Texas Whistleblower violations, fraud, numerous constitutional violations, and illegal conspiracy. He seeks $500,000 in monetary damages and a "directed verdict" in two of his unsuccessful state court cases against the Texas State Board Education and the TEA.

Defendants Abbott, the Office of the Attorney General of Texas, the Texas Secretary of State, and the TEA ("State Defendants"), the City of Fort Worth, Charlie Baker, the President of the NCAA, and ECISD Superintendent Scott Muri move to dismiss under Rules 12(b)(1) and 12(b)(6). This Magistrate Judge recommends that Boswell's Complaint be dismissed in its entirety.

## II.    Legal Standards

### A.  Rule 12(b)(1)

A Rule 12(b)(1) motion to dismiss challenges the subject matter jurisdiction of the court. When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate it. *Walmart Inc. v. U.S. Dep't of Just.*, 21 F.4th 300, 307 (5th Cir. 2021). The party seeking to invoke subject-matter jurisdiction has the burden to establish it. *Ghedi v. Mayorkas*, 16 F.4th 456, 463 (5th Cir. 2021). At the pleading stage, the plaintiff's burden is to allege "a plausible set of facts establishing jurisdiction." *Di Angelo Publ'ns, Inc. v. Kelley*, 9 F.4th 256, 260 (5th Cir. 2021).

### B.  Rule 12(b)(6)

Rule 12(b)(6) allows a party to move to dismiss an action for failure to state a claim on which relief can be granted.

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up).

### III.    Analysis

The Court recommends dismissal of Boswell's Complaint for the reasons stated in the motions to dismiss: lack of standing, lack of subject matter jurisdiction based on the doctrine of sovereign immunity, qualified immunity, frivolousness, and failure to state a plausible claim for relief. The Court also finds that Boswell's claims against Abbott, Muri, the Texas State Board of Education, and the TEA are barred by *res judicata* because they "arise from the same nucleus of operative facts" as the claims in his previous unsuccessful suits against these Defendants. *Nix v. Major League Baseball*, 62 F.4th 920, 929 (5th Cir.), *cert. denied*, 144 S. Ct. 165 (2023). A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. *Allen v. McCurry*, 449 U.S. 90, 94 (1980).

In addition, under the *Rooker-Feldman* doctrine, the Court lacks subject matter jurisdiction to review Boswell's request to enter a directed verdict in two of his unsuccessful state court cases. Under that doctrine, federal courts lack jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). State court errors are

"to be reviewed and corrected by the appropriate state appellate court. Thereafter, recourse at the federal level is limited solely to an application for a writ of certiorari to the United States Supreme Court." *Liedtke v. State Bar of Texas*, 18 F.3d 315, 317 (5th Cir. 1994). The Court lacks jurisdiction over any of Boswell's claims seeking to overturn state court judgments.

The Court also finds that Boswell's suit should be dismissed because it is vexatious and harassing. *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). Federal courts have the inherent powers "to protect the efficient and orderly administration of justice and those necessary to command respect for the court's orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Sanctions are appropriate when, as here, a *pro se* litigant has a history of filing multiple frivolous suits. *Id.* (recognizing court's inherent power "to levy sanctions in response to abusive litigation practices"); FED. R. CIV. P. 11(b) &(c) (authorizing sanctions against *pro se* litigants). "Federal courts have the tools to deter and, where necessary, dismiss vexatious civil suits." *Trump v. Vance*, 591 U.S. 786, 805 (2020).

Boswell's suit is clearly vexatious. It is the ninth suit he has filed based on the same nucleus of operative facts as in his previous unsuccessful suits. *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989) (stating that plaintiff's twelve frivolous and duplicative suits were "an abuse of the judicial process in the classic sense of using the courts to pursue ends other than the vindication of claims believed to be meritorious"). The Court therefore also recommends that the District Court dismiss Boswell's suit as vexatious. *Lim v. Comm. of Bar Examiners of State Bar of California*, No. 4:24-CV-469-O-BP, 2024 WL 3451533, at *1 (N.D. Tex. May 31, 2024) (recommending that *pro se* plaintiff's duplicative suit be dismissed as vexatious).

The Court also recommends a pre-filing injunction. Federal courts have the inherent authority to impose pre-filing injunctions to deter vexatious, abusive, and harassing litigation. *Matter of Carroll*, 850 F.3d 811, 815 (5th Cir. 2017); *Baum v. Blue Moon Ventures*, 513 F.3d 181, 187 (5th Cir. 2008). In determining whether to impose such an injunction, the Court must

> weigh all of the relevant circumstances, including the following four factors: (1) the party's history of litigation, in particular whether she has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

*Id.* at 189.

Having considered all the *Baum* factors, and because Boswell continues to clog the judicial machinery with meritless litigation, imposition of a pre-filing injunction against Boswell is warranted. This Magistrate Judge recommends that the District Court declare Boswell a vexatious litigant and issue a pre-filing injunction barring him from filing any future actions in the Western District of Texas without written leave from a federal judge of this district or the Fifth Circuit.

## IV.    Recommendation

This Magistrate Judge **RECOMMENDS** that the District Court:

1. **GRANT** Defendants' Motion to Dismiss (Dkts. 7, 8, 20, 22) and **DISMISS** James Boswell's Complaint **WITH PREJUDICE**;

2. **GRANT** State Defendants' Opposed Motion to Strike Plaintiff's Sur-Replies and Impermissible Briefing (Dkt. 43); and

3. Declare James Boswell a vexatious litigant and issue a pre-filing injunction barring Boswell from filing any future actions in the Western District of Texas without receiving written leave from a federal judge for this district or from the Fifth Circuit.

**IT IS ORDERED** that this case be removed from this Magistrate Judge's docket and returned to the docket of the Honorable District Court.

## V.    Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on January 24, 2025.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE